## Ellis Griffith & another *vs.* Salmon F. Jenkins & another.

A declaration for the diversion of a watercourse running through the plaintiff's cedar
swamp, by digging a ditch from the channel thereof above the swamp, on land not belong-
ing to the plaintiff, and diverting the water into it, and thereby injuring the swamp, is
not sustained by proof that the defendant dug a ditch which diverted water from flowing
in an ancient stream into a large swamp, of which the plaintiff's land was a portion, if
no watercourse of the plaintiff is thereby disturbed; although it does not appear that the
defendant had authority for his acts.

Tort. The declaration set forth that the plaintiffs were
owners of a lot of cedar swamp, lying in the South Meadow
Swamp, in Carver, and that they, and all those whose estate
they now have, had and from the time whereof the memory of
man runneth not to the contrary were used to have and now
ought to have a certain watercourse, running through their said
swamp; and the defendants dug a ditch from the ancient chan-
nel of said brook, in land above the swamp, and filled up the
ancient watercourse so as to turn the water into the ditch, and
diverted nearly all the water of said brook from the plaintiffs'
swamp, and have continued to divert said water, by reason of
which diversion the swamp has been injured, and the plaintiffs
have been deprived of their right to said water. The answer
denied the plaintiffs' right to a watercourse, as alleged, or
the existence of such watercourse in or through the plaintiff's
swamp; or that they had diverted the same; or had injured the
swamp.

At the trial in the superior court, it was admitted that the
defendants dug a canal upon land not belonging to the plain-
tiffs, or, so far as appeared, to the defendants, which diverted the
water from the end of an ancient brook where it enters a large
cedar swamp, of which the plaintiffs owned a portion. The
plaintiffs requested the court to instruct the jury, that if they
were satisfied that the plaintiffs had sustained any injury
to their swamp, by the diversion of water by the defendants,
the plaintiffs were entitled to recover therefor; that the jury

could not presume, in the absence of evidence, that the defendants had authority to dig their canal; and that in this view it was not material whether a watercourse had been proved to exist through the plaintiffs' land, on and about the surface thereof. But *Wilkinson*, J. declined so to do, and instructed the jury that if the digging disturbed any watercourse of the plaintiffs, the defendants were liable; and if it did not, the defendants were not liable in this action.

The jury returned a verdict for the defendants, and the plaintiffs alleged exceptions.

*G. Marston & S. Miller, Jr.*, for the plaintiffs. The allegation of a watercourse was only introductory. This was the case of a stream entering a swamp, being absorbed there, percolating through the moss, and becoming a stream again on leaving the swamp. The injury alleged was to the swamp. The defendants have deprived the plaintiffs of the water which they have a right to have flow to their swamp. The instruction was, in effect, that a disturbance of a distinct watercourse must be proved. The jury might have found that a watercourse existed down nearly to the plaintiff's land, and was there diverted. Was it necessary to establish an open watercourse in the swamp, in order to recover on this declaration?

*E. Ames*, for the defendants.

Bigelow, C. J. The cause of action set out in the declaration is not for digging a ditch whereby the water was diverted from the plaintiffs' swamp, but for diverting the water of a brook or ancient watercourse, which the plaintiffs " used to have and now ought to have running through their said swamp." The gist of the cause of action is for a diversion of the water of a stream or watercourse. This was an essential and material averment, which the plaintiffs were bound to prove in order to maintain their action, and it was a variance to show that the acts of the defendants had drained water from the swamp without any proof to sustain the allegation of a diversion of water from a brook. It is true that the declaration alleges that the swamp was injured by the diversion of the water; but it is the " said water," that is, the water of the brook which it is averred had

been thus diverted by the act of the defendants. The instructions were therefore well adapted to present to the minds of the jury the precise question on which they were to pass, and are not open to exception. *Exceptions overruled.*